Case number 24-5783, Boone County Kentucky Republican Party Executive Committee et al. v. H. David Wallace et al. Argument is not to exceed 15 minutes per side. Mr. Wiest, you may proceed for the appellants. You're on mute. We cannot hear you at all. My apologies, Your Honor. No problem. Good morning, Your Honors. My name is Chris Wiest. I represent the Boone, Jessamine, and Hardin County Republican Party Executive Committees in this preliminary injunction appeal, and I've requested five minutes for rebuttal. Yes. Your Honor, this is a case in which a government agency, the government, has come in and told political parties that they cannot engage in particular speech in connection with election activities. They cannot raise funds, and they cannot spend funds that is solely determined based on the content of what they're speaking about, and specifically, it was issues that are on the ballot, constitutional amendments in this case. They issued an advisory opinion, 2024-02, at the request of two of my clients, and they said, you know, you may not spend funds in support of constitutional amendment number two that was on the Kentucky ballot this past fall, and frankly, you cannot spend funds ever because we allege that these parties intend to do so in the future as well, and the Boone County Party in particular has a history of spending money on issues, and the Registry of Election Finance Dependents, they're all sued in their official capacity, said you may not do so. But I guess the bottom line question, just to get to the heart of this, is, is the Registry's requirement of establishing a political issues committee to do exactly what you want to do, is that really just a disclosure requirement as opposed to a spending limitation? And the Registry has come up with some cases in their brief in front of us suggesting that the panel erred in thinking of it as a spending restriction and should think of it as a disclosure restriction under Citizens United. So I think that gets to the heart of the case, and if you would focus on that, at least in the beginning, that would be helpful to me. I will, Your Honor, and I think the problem here, I think, let's begin with what they've said, and I'm looking at 2020-04-02. They don't say, hey, you folks, if you just register your executive committees as also being an issues committee, you can spend the funds that you've raised on these issues. They don't say that. What they say is, you may not spend. And in fact, I think my colleague is going to concede, if you ask her in a few minutes, that they cannot spend those funds under 2020-04-02, period, dot, end of story. Yes, they can register. Maybe they say you can somehow transfer those funds to a separate committee. But I think Citizens United forecloses that argument of register a separate committee and then you can do it, because Citizens United says, and I'm looking specifically at 337 and 338, 558 U.S., 310, 337, and 338, that, and this was Section 441B of U.S. Code. In that case, the Supreme Court says Section 441B is a ban on corporate speech notwithstanding the fact that a PAC created by a corporation can still speak. And so the fact that these folks can go and perhaps register a separate committee, it is no different than in Citizens United. They cannot speak. The Boone County Republican Party Executive Committee, the Jessamine, Arden County Executive Committees, cannot speak, just as the PAC could not, just as the corporations could not speak in Citizens United. Let me ask you this. Is executive committees, though, are they really separate legal entities, like a PAC was a separate legal entity? Or are they more just reporting units for the Republican Party? Well, Your Honor, they are separate entities, and here is why. And first of all, they register separately with the defendants. And part of that, though, is they go in and they get EIN numbers because they have to have separate bank accounts. And so they are separate legal entities with the IRS. That's what they're required to do to get a IRS number to get a bank account. Those are the requirements. And then they've got to report. And they are separate legal entities. And that's the question. Are they really like PACs, or are they not? Well, Your Honor, the only way that they could, again, they say you cannot commingle funds. So they are requiring the establishment of a separate legal entity to go and open a bank account under U.S. code. You've got to have an EIN number to go and open a bank account. They say you need a separate bank account to register an issues committee from these executives. It's very hard to get a separate bank account or to get an EIN. Everybody can go and get an EIN. I really don't see what the problem is in saying to the Republican Party of a county, if you want to spend on an issue, you should have an issues committee. And if you want to spend on candidates, you have your regular committee. And the reason for the difference is because one can get corporate funds and the other one can't. That's a legal requirement separate from the issues here, I think. But you can tell me I'm wrong on that. And if there's nothing that prohibits your county Republican Party from setting up a political issues committee however it wants, why is this not just a disclosure requirement? Because there are separate reporting requirements that are more timely for issues committees or are different for issues committees than for the regular party. Your Honor, for several reasons. Let me start with Citizens United, where the Supreme Court says a PAC is a separate association from the corporation. So yes, the corporation go out and register a PAC. That's a separate reporting entity. And the Supreme Court says they're not equivalent. And so that's problem one, just from a legal perspective. It runs afoul of Citizens United. And it says, by the way, Citizens United says even if a PAC could somehow allow a corporation to speak and it does not, the option to form a PAC does not alleviate the First Amendment problems with 441B. PACs are burdensome alternatives. So are issues committees for these parties. And let me explain why, as a practical matter, this is such a problem and why they didn't just go out and register an issues committee. Because I think that that's the heart of your questions. To go out and register an issues committee, they've got to keep records for years. They have to go and report separately, these issues committees. They've got to figure out what's coming in generally and then what's coming in on issues. And it's not clear to us if they could go and maintain an issues committee from campaign to campaign. In other words, if they're raising money, for instance, in this last election cycle as Boone County was on two different constitutional amendments, and then the election's over, do they have to shut that down and then open up another issues committee in Boone County when the fiscal court puts on a tax increase and they want to oppose that? Because that's an issue on the ballot. And this opening and closing every single time that there is an issue committee where they've got to keep five years of records and report and maintain, it is extraordinarily burdensome. The Supreme Court recognizes that it's Citizens United at 337 or 338, which they say these PACs are burdensome alternatives just as the issues committees are. They are expensive to administer. They're subject to extensive regulations. Every PAC must appoint a treasurer, forward donations to the treasurer promptly, keep detailed records of the identities of the persons making donations, preserve receipts for three years, and file an organization statement or report changes to the information within 10 days. That was the burden that the Supreme Court found in Citizens United in saying this PAC is not an alternative. The same is true with the issues committee here. They're virtually indistinguishable. So is there a role for issues committees in Kentucky at all? Your Honor, I don't know that we need to reach that today, but I think under Bonta, I don't think that they're sustainable, period. I don't think that they're legal under the First Amendment under the Bonta case that came out of the U.S. Supreme Court. We don't need to decide that here today. I don't think the court needs to reach that, but I think issues committees generally are unconstitutional under Bonta and the interests that are discussed in it. But here, I think we can more narrowly decide this on the basis of this is a spending restriction. They say this entity, the executive committees that have been set up, that are separate legal entities, cannot spend money on issues that are on the ballot, in favor or against. Can you clarify for me what is the Boone County Executive Committee of the Republican, the Boone County Republican Party? What exactly is it? Your Honor, it's a couple of things. It is the subsidiary of the Republican Party of Kentucky, and it's the county affiliate. And they report as an executive committee under Kentucky law, and they generally bring in receipts. They raise money. They do political events. They do dinner. Obviously, I'm not from Kentucky, so I don't understand. There's the Republican Party of Kentucky. Is that it? And then there's the Boone County Republican Party. And then there's a subset of the Boone County Republican Party. There's the Boone County Republican Party Executive Committee. Am I getting it right or wrong? Your Honor, all of the money that the party raises, the Boone County affiliate for the In other words, their fundraising, their dinners, their candidate outreach, their voter outreach. And in this case, what they wanted to do was spend some of those funds to advocate on ballot amendments. And they're coextensive. From the defendant's perspective, they would probably say, hey, they report to us as an executive committee under Kentucky law. But I'm here to tell you as a practical matter, it is the Boone County affiliate of the Republican Party. Tell me this. How do you distinguish this case that I guess is relied on by the state Worley v. Florida Secretary of State, the 11th Circuit case? Your Honor. Citizens United was distinguishable. I think in Worley, they indicated the registration requirement for an issues committee. It did not deal with a restriction on an existing committee and its ability to speak. And so it's distinguishable, one, for there. And two, I think Bonta has upended as a practical matter and a legal matter any ability of a state to require issues based reporting because it is unsupportable, we believe, under Bonta. But notwithstanding that, what's different here is they are saying for an existing committee that's already registered with them, you cannot make forms of speech. And that is not what was issued at issue in Worley. Any other questions from the judges? I see your time is we've used up your time. Thank you. I have none. Yes. Thank you. And we'll hear from your opponent now. Thank you, Your Honor. May it please the court. My name is Leslie Saunders, and I'm representing the appellee's defendants who are members of the Registry of Election Finances Board and its executive director. Excuse me. I might jump in right where we started. Opposing counsel today has talked about the burdens that registering two committees would place on their organization. You have to keep in mind, first off, that all of the burdens that he has listed are burdens that they have already have taken on. They have a treasurer. They keep records of these expenditures. They keep records of who gave them. They gave us a number, a dollar amount, for how much was reported to have been spent for to be contributed for these political issues. So they know they have that money segregated. It didn't come in in a basket. And they divided it up between the candidacy issues. They know what they have for the political issues. They know that I believe it was the Worley case. I might be mistaken. It might have been one of the other two. But they said these are all things that a prudent organization would do with their money in the first place. They would put it in a bank account. They would assign someone to take control of it. They would know who they spent it on. They would spend it in ways that were trackable. These are things they're already doing. Excuse me. We just said that for the purposes of reporting to the state. And Judge Moore, to your question, for Kentucky registry purposes, we understand that there are things that the political parties do that we have no interest in. There are some that collect for federal candidates. And by Kentucky law, a candidate is a state or local candidate. If you are collecting for a federal candidate, you do not report that to us. You don't tell us about the contributions. You don't tell us about the expenditures. We know that they do education. They do voter education. That's not something that's reportable to us. That's not that's not spending on a candidate. But if you're already collecting this information, why do you need them to do it via a political issues committee rather than their regular reporting as the executive committee of the Boone County Republican Party? For two reasons. One's practical and statute based. One is that the reporting period is different. You try to get it in time with the election. They report like candidates, but they aren't candidates. They report 60, 30, 15 days out and 30 days after. In all practical purposes, I'm sorry, was someone? Yes. Miss Saunders, isn't that a matter of Kentucky law of how often you report? And if that's your point, isn't your remedy to go to the legislature and make the reporting requirements similar? And so there is no difference. Could you change the law to make it to make this? This is a creature of Kentucky law that you're arguing. If that Kentucky law gets in the way of the federal First Amendment, the federal First Amendment, I'm just saying that while I'm arguing, you're arguing Kentucky, Kentucky law is not as strict. Well, maybe it should be stricter. And if it should be stricter, it's Kentucky's prerogative to so make it. Right? Yes, I agree. This is partially set up, however, because we recognize, as the courts have said, that issues are different. Issues aren't candidates. They're not subject to this kind of quid pro quo corruption. So the limitations on what you can where you can collect your funds from issues and where you can how you can use them and who can contribute to you are broader. So you can't mingle or commingle the the candidate funds and the political issue funds together. The main difference being that the political issue funds could contain corporate contributions. If you come in with the candidate funds, the candidate funds cannot. So what difference does that make? Well, no matter how you do it, you're setting up a separate fund for your political issue committee. You could have it report at any time frame you want, but you're still setting up a different a separate fund for your political issue committee that or your political issue. Let's call it something else, just that you're spending on political issues and you have to do it in order to keep the corporate funds separate. In any event, you could say because corporate funds are not allowed for the candidates. Is that right? That's correct. That's correct, Ron. OK, so so it seems like what these three committees or two committees wanted to do here was to have a flyer that would be on one side for a can on the other side for an issue. Why can't one entity do that kind of a speech of having a single flyer with for the candidate on one side and for the issue on the other? Because for registry purposes, executive committees speak for make accept contributions and extend for candidates and political issue committees. They accept contributions and spend for political issues. And the political issue committees are the only I believe this. Yes, this is true. I'm thinking about PACS, but PACS, what we would call permanent committees in Kentucky, wouldn't be allowed to either. This is the only entity that reports political issue spending. Why can't you change Kentucky law? That's all. I mean, you're saying you can't do it because of Kentucky law. Well, change the law. I mean, I don't I don't understand the problem here. I suppose you could. But in any way, no matter how you changed it, you would still be setting out a separate account. All right. You have separate disclosure requirements. You've got new disclosure requirements, but you can still do it. I mean, it would be the I don't I don't see why the First Amendment should be pushed aside because Kentucky for administrative purposes or efficiency or whatever, whatever the interest there, Kentucky wants to do this. I mean, state law can't violate the First Amendment. And here you're prohibiting a speaker from speaking by prohibiting them from expending funds. And that's that's the First Amendment right. And yes, I suppose my answer to that would only be this. It's not that we're trying to stop anyone from speaking. And it's for registry purposes. But you are you are you are prohibiting from speaking because you've actually told them that they may not expend any funds on constitutional amendment referendums. And that is speech spending money for a political purpose like that is speech. And you've told them you cannot speak. Because they exist for to collect for candidates. But for registry purposes, these are not committees have to only have two things. Well, three. They have to have two members and a fund. All right. You know, I'm from Michigan. We have a whole different, you know, system there. And I think it's interesting what kind of system you have in Kentucky. But I don't I don't really care if it because if it violates the First Amendment, it's unconstitutional. So, I mean, you're back up. Well, this is a matter of state law. To me, it doesn't mean much. I understand. For our purposes, we only think of them as accounts, not as speakers. But I understand what you're saying. They are speakers. I mean, Citizen United says corporations are speakers. That they're different from a corporate PAC and that you cannot distinguish based upon who the speaker is in prohibiting First Amendment rights. And I see that that's that's what you're doing here. OK. We think Citizens United is distinct distinguishable because Citizens United was one entity. And the court even says that it doesn't and other courts, other later decisions talk about this. The Citizens United Corporation did not pool funds. The executive committee pools funds from individuals. And in fact, it really exists to do this in some respects. It pools funds from individuals to spend on candidates, to get its candidates nominated, to get them on the ballot and then to support them. Citizens United, you had a corporation that didn't pool funds. It wanted to use its own treasury funds. It would be much like a person using funds out of their own bank account. It wasn't the it didn't pool funds together and report them. And really, that's what these committees are designed to capture. Those that report for or those that support candidates, those that support political issues. We think Citizens United is distinguishable on that that basis and that the court and United said that part of the problem was that it held that the government was treating the corporation as some sort of disfavored entity. But essentially, corporations could could amass too much money. Then they could spend that money in ways that made it look like the issue they were supporting or even the candidate they were supporting was vastly more popular than they were. So, is your position that the Boone County Republican Party cannot spend on issues except if it sets up a political issues subcommittee? Yes, that would be the state's position. And well, the state, you're the registry, but this the attorney general's taking the opposite view. That's true, Your Honor. For the registry, that would be our position. What about the problem of not having a clear line between candidates and issues? Because arguably, there's blurring that many candidates of one party are believers of a issue one way and many candidates of the other party are believers of a particular issue the other way. So, how do you avoid having a limit on speech by the Republican Party of Kentucky if you say that they can't advocate on issues unless they are establishing a political issues committee separately? Interestingly, we believe that it allows them to speak a little bit broader than they are currently. The Republican Party, these committees are all, their purported purpose is to support candidates. If there was a separate issue committee, they would at least make their position known. Part of the confusion here is who owns that issue. The appellants have argued that this issue is all tied up in their platform, which may or may not be true, but the state organization of which they're a subsidiary, a part, a functional unit, and keep in mind, that's the party, not what we would consider the committee, the executive committee, even defined in their own bylaws as something different than just the party in general. If you had at least a political issue committee or some sort of political issue fund, it would at least allow them to say, our party or our county committee agrees or disagrees with this issue. Right now, we don't see where the party takes a position on it, which makes it a strange place to put the spending for it in the party. I'm not sure I got around to answering the question. I'm sorry. It just seems that their example of the flyers is a pretty cogent example that they wanted before this particular election on this particular issue. They wanted to have one flyer saying, vote for John Smith, and on the other side saying, vote in favor of issue two. It seems like what you're saying is either they have to have the one side saying, vote for John Smith, this is paid for by the Boone County Executive Committee of the Republican Party, and on the other side saying, vote for issue two, this is paid for by the Political Issues Committee of Boone County. Would that have satisfied your... It would have. It would have satisfied it, but they wouldn't have to go that far. I think I've used this example before, but I believe it was at the district court. A lot of times, say with local elections, we'll have mayors and city commissioners who like to run essentially as a slate, which isn't what you call it in Kentucky, but they'd like to. So they'll buy advertising together. We have no problem with joint advertising. You just make sure that it's reported from the correct accounts. They could have very well put up the ad that they're putting up or that they had proposed and said, paid for by the Boone County Executive Committee and the Boone County Executive Committee Political Issue Committee, or the Boone County Republican Political Issue Committee. They could have done it in the same ad. They would have just had to account for the funds separate. I see my time is up. That accounting would be in a report to you, but the disclosure requirement would be simply that on any advertising, there should be a disclosure as to whether the item, the ad, is paid for by the Executive Committee, which can support candidates, or paid for by the Issues Committee, which can support issues. That's correct. Now, your opponent raised one problem, which I'll go over time to ask you about. He says that there's a problem about what to do with funds that weren't expended. If you have an Issues Committee that's an issue on Amendment 2, and now the time for what happens to the money that the Issues Committee has not spent? They could hold that money if they thought the same issue would come up again. If it isn't going to come up again? It gets distributed. We have mechanisms to distribute it. They have five options. One of them is to, well, it's limited somewhat for political issues, but one of them would be to give it back to the contributors, to contribute it to a chair, but they would have essentially closed that account out without belaboring the point. They can't push it over to the candidates? They could not. Any other judge with questions? I have none. Thank you for your argument. We have rebuttal now, I think. Yes, Your Honor. A couple of things that I wanted to address in rebuttal, and one of them is this. A separate Issues Committee, they say, is necessary for every single issue. You would ostensibly have to raise, you know, do an Issues Committee for Issue 1, if it's Amendment 1, Issue 2, next year's tax increase, Issue 3, opening and closing these accounts. You talked about the cheating of funds, possibly, back to the state, or the administrative burden of trying to return that somehow on a pro rata basis to contributors. This is a burden, and one of the things that the Supreme Court recognized in Citizens United at 339 is that PACs must exist before they speak. Given the onerous restrictions, a corporation may not be able to establish a PAC in time to make its views known regarding candidates and issues in a current campaign. And so the prospect that money that a political party has raised, they can't go out and spend on an issue, and then they've got to go out without registering a separate committee, I suppose, then raising money, then spending. We're talking about relatively small groups of people at the county level. That is a significant burden, and it was one that the Supreme Court recognized in Citizens United. And frankly, this notion of, well, geez, corporations are different associations, that is foreclosed by Citizens United. I'm at 343 of that decision. The court has thus rejected the argument that political speech of corporations or other associations should be treated differently under the First Amendment simply because such associations are not natural persons. There is no meaningful distinction. The Supreme Court says if it's an association, it's a separate entity, whether it's a corporation, whether it's a political party. Could there be a separate reporting requirement for the Boone County Republican Party Executive Committee spending on issues separate from the reporting requirement for spending on candidates? Absolutely, Your Honor. In fact, that is the less restrictive alternative that the legislature could pursue here and should pursue. If what the state wants is more reporting, they could go and say, Boone County, if you're running an issues ad, you've got to report to us. That's less restrictive. And the defendants have never addressed why they couldn't simply, to Judge Griffin's point, amend the statute and require more reporting. That's the answer here. That would actually be a reporting requirement as opposed to a restriction that says you may not spend funds. And so they could reach this. If the interest is disclosure and reporting, go and do it. Now, as a practical matter, my folks ran ads in the last election cycle. I will tell you, they did disclose. They said paid for by the Boone County Republican Party Executive Committee, paid for by the Jessamine County Republican Party Executive Committee. So they didn't say who was paying for the ads as they went out. I will tell you, so did, frankly, a number of Democratic committees on the other side of this after this court entered an injunction pending appeal. Both, they were opposite viewpoints, but they were both expending and they were both disclosing. And so that occurred here. And frankly, if the state wants more reporting, they can require it. That's the least restrictive. And I'm not asking for true confessions here, but the law required that issues, expenditures could come from corporations, but not candidate expenditures. Is that correct, that that is the existing law and that your clients would have complied with that existing law? Yeah, that's exactly right, Your Honor. And in fact, the defendants have said, well, geez, you can take money from corporations. Well, because this was going into one bank account for these county parties, they didn't. And they spent the money they raised without taking any corporate funds for both candidates and issues. Actually, Boone County ran a common mailer that was not that different than the example that we did. Obviously, there were some edits, but they did not take any corporate money, nor could they. And we're OK with that. They were OK with that. We understood that restriction. They didn't want it. They didn't need it. But they wanted to be able to advocate for both. And as our reply brief indicated and quoted the Supreme Court's decision in FEC versus Wisconsin Right to Life, the Supreme Court, quote, has long recognized that the distinction between campaign advocacy and issue advocacy may often dissolve in practical application. Candidates, especially incumbents, are intimately tied to public issues involving legislative proposals and government actions. My clients viewed, and this is in the allegations, and this is true with respect to what they spent, that when they spend on these issues, they drive out voters that are interested in also electing their candidates. I will tell you, the Democratic Party did the exact thing the other way. Parties and issues are interchangeable. You can't separate them. That's been the case since the founding of the country and the debates on the ratification of the Constitution. It's been there since the very founding of this country, and we've got a government agency saying you cannot spend based on the content of the speech. It's presumptively unconstitutional. They've not met strict scrutiny. We would ask for a reversal. Thank you, Your Honor. Thank you both for your argument, and the case will be submitted.